IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN MICHAEL AITKEN,

     Plaintiff,

v.                                                            CASE NO. 5:13-cv-216-LC-GRJ

FELICIA NOBLES,
WARDEN, APALACHEE C.I.,

     Defendant.

_____/

## REPORT & RECOMMENDATION

     This case is before the Court on Doc. 1, Plaintiff's "Emergency Petition for

Temporary Injunction."  Plaintiff, an inmate in the custody of the Florida Department of

Corrections at the Apalachee Correctional Institution ("Apalachee C.I."), alleges that he

is in imminent danger of sexual assault at the prison.  For the following reasons, the

undersigned recommends that Plaintiff's motion should be denied.

     Plaintiff alleges that he was sexually assaulted on April 4, 2013.  He states that

on April 5, 2013, he was placed into protective custody, but that his "request for

protection" was denied on April 17, 2013.  (Doc. 1, at 3.)  Plaintiff states that he

appealed this decision, but that appeal was denied.  Plaintiff asserts that he is still in

protective custody in administrative segregation, however, due to two disciplinary

reports filed against him "as reprisal" for the grievances he filed.  *Id.* at 4.  Plaintiff

alleges that he will remain in protective custody until June 23, 2013, at which point he

will be returned to the general population.  He states that "he faces certain sexual

assault and serious harm" if he is returned to the general population, due to the "culture

of sexual activity and extortion" at the prison. *Id.* at 5. Plaintiff further asserts that he has been sexually assaulted three times over the past 17 years that he has been incarcerated, albeit at other institutions. Finally, Plaintiff alleges that he "suffers from serious mental illness," and that he "now awaits an already approved admission to a psychiatric hospital due to the sexual assault and the lawlessness at this facility." *Id.* at 6, 7. Plaintiff states that after he is discharged from the psychiatric hospital, he "will be returned to Apalachee where the above stated emergency remains." *Id.* at 7.

As an initial matter, Plaintiff has not filed a complaint but instead has filed a hand-written document styled as "Emergency Motion For Temporary Injunction." Consequently, the Court has not been presented with a claim for which a plaintiff is seeking the remedy of a preliminary injunction but only the remedy of a preliminary injunction. Moreover, it is unclear whether Plaintiff is requesting a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure or whether the Plaintiff is requesting a preliminary injunction under Rule 65(a). To the extent that Plaintiff is requesting the entry of a temporary restraining order without notice under Rule 65(b)(1) the request is due to be denied summarily because Plaintiff has failed to offer specific facts clearly showing that immediate loss or damage will result before the defendants can be heard in opposition and has failed to state reasons why notice should not be required. While the differences between the two forms of relief may be academic because the Plaintiff has failed to show that there is a substantial likelihood of success on the merits or that he will suffer irreparable harm, the Court, nonetheless, will assume that Plaintiff is requesting the entry of a preliminary injunction and not a temporary restraining order.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997), citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Carillon Importers, Ltd.,* 112 F.3d at 1126; *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519, citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974).

Because the Plaintiff has not filed a complaint alleging his claims as required by Rule 3 of the Federal Rules of Civil Procedure[1] it is impossible to determine whether Plaintiff can demonstrate that he has a substantial likelihood of success on the merits of his claim.

Notwithstanding Plaintiff's failure to file a complaint, Plaintiff does refer to the

---

[1] Rule 3 provides in relevant part: " A civil action is commenced by filing a complaint with the court."

Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. § 15601 et seq. in his motion, so for purposes of determining whether Plaintiff can demonstrate a likelihood of success on the merits the Court will assume the PREA forms the basis of his claim in this case. Plaintiff is unable, however, to demonstrate a substantial likelihood of success on the merits of a claim under the PREA because the PREA does not create a private cause of action. *See*, *e.g.*, *LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Bell v. County of Los Angeles*, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008); *Chinnici v. Edwards*, No. 1:07-cv-299, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008); *Rindahl v. Weber*, No. CIV. 08-4041-RHB, 2008 WL 5448232, at *1 (D. S.D. Dec. 31, 2008).

Alternatively, to the extent that Plaintiff is attempting to bring a claim under the Eighth Amendment, as he alleges that prison officials are "deliberately indifferent to sexual assault," and "actively promote and foster a culture of sexual activity and extortion" Plaintiff has failed to present sufficient information to demonstrate that he has a substantial likelihood of success on the merits on an Eighth Amendment claim. For a prison official to be constitutionally liable for failing to protect the safety of an inmate, the prisoner must produce "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that harm; and (3) causation." *Id.* (quoting *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)). Deliberate indifference requires a showing that the defendant official "must have been 'subjectively aware of the substantial risk of serious harm in order to have had a sufficiently culpable state of mind." *Id.* (quoting *Farmer*, 511 U.S. at 834-38) (internal quotations omitted).

In Plaintiff's motion he has presented only a conclusory allegation that prison officials

were aware of a sexual assault problem at the prison.  He has presented no specific

facts in support of this allegation, and has presented no evidence that prison officials

were aware of a particular risk to him from any particular inmate.  If Plaintiff chooses to

file a civil rights complaint in this case, he should provide additional factual details

regarding this claim.

Plaintiff's request for a preliminary injunction also fails because he has failed to

allege substantial facts supporting a threat of irreparable injury. To the contrary,

Plaintiff's allegations suggest that he will not be released into the general population in

the immediate future. Plaintiff instead alleges that he will be in protective custody until

June 23, 2013, and that he is awaiting an "already approved" transfer to a psychiatric

hospital upon his release from administrative confinement.  Thus, Plaintiff alleges that

upon his release from administrative confinement he will be moved to another facility

and not to the general population within the prison where he claims he may be subject

to a sexual assault. Accordingly, Plaintiff has failed to demonstrate that he faces an

imminent threat of harm in the general population at Apalachee C.I.  While Plaintiff

does state that he will be returned to the general population after he is released from

the psychiatric hospital, this assumption is speculative and conclusory and does not

demonstrate that harm is imminent but only that at some unspecified date in the future

he may be returned to Apalachee C.I. Additionally, Plaintiff has not articulated any

specific facts identifying as to the alleged perpetrators who would sexually assault him if

he is returned to the general population.  For example, Plaintiff has not  provided any

details regarding the previous sexual assault except the date on which it allegedly

occurred, and has provided no information regarding which prisoner or prisoners he

may be a threat to his safety at Apalachee C.I.  In short, Plaintiff's sparse allegations in

this motion are not sufficient to invoke the drastic remedy of a preliminary injunction.

Plaintiff also fails to demonstrate that the threatened injury to him outweighs the

harm an injunction may cause the defendant.  Plaintiff essentially requests the Court to

order that he be placed in protective custody indefinitely, in the absence of specific

facts regarding potential risk to his safety.  It is far from clear that the Court has

authority to order prison officials to place Plaintiff in protective custody.  Even if the

Court had such authority, the type of open-ended custody arrangement that Plaintiff

seeks is inappropriate in this case.

Finally, Plaintiff must show that granting the injunction would not disserve the

public interest.  While the public has a clear interest in preventing the pervasive

problem of rape in prison, it appears that the prison's response to Plaintiff's alleged

assault – placing him in protective custody and arranging for his transfer to a psychiatric

hospital to address his mental illness – has, thus far, been appropriate.  Plaintiff has not

shown that he is in imminent danger of sexual assault under the facts presented in this

motion.

Plaintiff has failed to carry his burden of persuasion on any of the four factors

warranting injunctive relief.  His motion for an emergency injunction is therefore due to

be denied.  Plaintiff may, however, initiate a civil rights lawsuit by filing a complaint if he

wishes to press a claim that officials at Apalachee C.I. have violated his constitutional

rights, under the Eighth Amendment or otherwise.  The Clerk should be directed to

send Plaintiff a complaint form for prisoner civil rights lawsuits, as well as a blank

motion for leave to proceed as a pauper.

Accordingly, it is respectfully **RECOMMENDED:**

(1)    Plaintiff's "Emergency Petition for Temporary Injunction," Doc. 1, should be **DENIED.**

(2)    The **Clerk** should be directed to send Plaintiff a blank civil rights complaint form  for prisoner litigants for actions arising under 42 U.S.C. § 1983 and a blank motion to proceed *in forma pauperis* for use by a prisoner.

(3)    If Plaintiff wishes to file a civil rights complaint, he should be directed to fill out the complaint form in full and file it with the Clerk within **30 days** of adoption of this Report and Recommendation**.**  Plaintiff should also file an identical copy of the amended complaint for each defendant**.  If no civil rights complaint is received by this deadline, the Court will assume that Plaintiff does not wish to file a complaint and will recommend that this case be closed.**

(4)    If Plaintiff wishes to file a civil rights complaint, he shall also either (1) file a motion to proceed *in forma pauperis* **or** (2) pay the $350 filing fee by the same deadline

**IN CHAMBERS**  this 10th day of June 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**